IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MID-CENTURY INSURANCE CO., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 13-1104-CV-W-ODS |
| | ) | |
| CLIFFORD D. BAGNELL, | ) | |
| | ) | |
| Defendant. | ) | |

<u>ORDER AND OPINION (1) DENYING DEFENDANT'S MOTION TO DISMISS, (2) VACATING SCHEDULING ORDER AND STAYING PROCEEDINGS, AND (3) DIRECTING PLAINTIFFS TO FILE STATUS REPORTS</u>

In the return of a case that was filed in 2009 and dismissed without prejudice in 2011, Plaintiffs seek a judgment declaring that certain auto insurance policies do not provide stacked UIM coverage. Defendant asks that the case be dismissed (1) for lack of jurisdiction or (2) pursuant to an abstention doctrine. The Court denies Defendant's motion to dismiss (Doc. # 6), but the Court exercises its discretion to stay all proceedings.

## I. BACKGROUND

In November 2009, Clifford Bagnell's wife (Genevieve) was severely injured in an automobile accident. She later died from her injuries. The Bagnell family offered to settle claims against the other driver for the other driver's policy limits; at the time, Clifford believed his own policies provided $300,000 in underinsured motorist (UIM) coverage. His insurers disagreed in a letter dated December 16, 2009. That same day, his insurers filed their first declaratory judgment action in this Court; the case was assigned Case Number 09-1051. On December 21, 2009, Clifford filed suit in state court against (1) the other parties to the accident and (2) his insurance companies. The claims against the insurance company asserted sought declaratory relief as well as monetary relief for breach of contract and vexatious refusal to pay.

The Court ruled the claims in the federal case were parallel to the claims asserted by Clifford against his insurers in state court. The Court elected to abstain because (1) the claims were parallel, (2) the relief sought in the federal suit was declaratory in nature, and (3) there were no federal claims involved. However, in accordance with the Eighth Circuit's directive in Royal Indemnity Co. v. Apex Oil Co., 511 F.3d 788, 797-98 (8th Cir. 2008), the Court did not dismiss the suit but instead stayed the proceedings so the federal action could continue if the state case failed to resolve the issues as anticipated. The federal case remained stayed for almost fifteen months until late July 2011, at which time Plaintiffs sought and received permission to dismiss the case without prejudice. In November 2013, Plaintiffs filed the instant suit; the Complaint in this case is almost identical to the Amended Complaint filed in the prior suit.

## II. DISCUSSION

### A. Jurisdiction

Defendant first argues diversity of citizenship is lacking. Defendant is a citizen of Missouri. Defendant does not deny that none of the Plaintiffs are incorporated in Missouri, nor does he suggest any of the Plaintiffs have their principal place of business in Missouri. This would seem to end the inquiry. 28 U.S.C. § 1330(a).

Defendant argues that Mid-Century Insurance Company is owned by an entity that would be considered a citizen of Missouri, Defendant's Reply Suggestions at 5, but this argument has no relevance to the jurisdictional inquiry. Even if Mid-Century is a subsidiary of a Missouri citizen, it remains an entity unto itself. It is a California corporation with a principal place of business in California; therefore, it is a citizen of California.

### B. Abstention

"Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." Scottsdale Ins. Co. v. Detco Indus.., Inc., 426 F.3d 994, 997

(8th Cir. 2005) (quotation omitted).  This case seeks only a declaratory judgment, which is significant because "in a declaratory judgment action, a federal court has broad discretion to abstain from exercising jurisdiction even if there are no exceptional circumstances as articulated in <u>Colorado River</u>."  <u>Royal Indemnity</u>, 511 F.3d at 793.

> [F]or a district court to have discretion to abstain in a proceeding under the Declaratory Judgment Act, the parallel state court proceeding must present the same issues, not governed by federal law, between the same parties, and the court must evaluate whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding . . . .  After considering these factors, a federal court may abstain from the proceeding because ordinarily it would be uneconomical for a federal court to proceed in a declaratory judgment suit where a parallel state court proceeding is pending.

<u>Id</u>. (quotation omitted).  The Court's discretion to abstain is not affected by the absence of procedural fencing or other exceptional circumstances because exceptional circumstances are not required.  All that is required is that the federal case be a declaratory judgment action, the same issues are pending in state court, and no issues of federal law are present.

Plaintiffs contend the Court should not abstain in favor of the state court action because, essentially, the state court is taking too long to rule.  The parties then engage in a disagreement as to the pace of the state court proceedings and the reasons for and effects of whatever is happening in that forum.  The Court will not involve itself in this discussion, nor will it intrude upon the state court and its processing of the case.  However, it is apparent that the state court is further along than this Court.  Even if that were not the case, the fundamental reasons for abstaining are all present here.  An issue of state law is currently pending before a state court, and the preference would be for the state court to resolve issues of state law.  Moreover, the case originally establishing the federal judiciary's discretion was based in part on the preference that issues be resolved in the course of a parallel remedy-seeking suit (when one exists) as opposed to a declaratory judgment action.  <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 289-90 (1995).

As the quote from Royal Indemnity establishes, there is no justification for the Court or parties to expend time and resources resolving the same issue twice. The state court is further along in resolving the issues, and the state court is a better tribunal for deciding issues of state law. For these reasons, the Court exercises its discretion to abstain.

This decision does not necessarily justify dismissal. Defendants present a number of district court decisions dismissing cases when parallel proceedings are present, but almost all of them predate the Eighth Circuit's decision in Royal Indemnity. This is significant because in that case the Court of Appeals upheld the decision to abstain but vacated the dismissal. The court explained that when the basis for declining to proceed is the pendency of a parallel state proceeding, a stay is preferred because it will allow the federal action to continue if the state case fails to resolve the issues as anticipated. 511 F.3d at 797-98. Therefore, instead of dismissing this case, the Court will stay further proceedings. The Scheduling Order issued on January 30, 2014, is vacated. Plaintiffs shall file a Status Report on or before June 2, 2014, and every sixty days thereafter. Should Defendant disagree with Plaintiff's report, Defendant will have ten (10) days to file a response.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: March 31, 2014  UNITED STATES DISTRICT COURT